**VAN CURLER BROADCASTING COR-**
**PORATION, Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-**
**MISSION, Appellee,**

**Hudson Valley Broadcasting Company,**
**Inc., et al., Intervenors.**

**No. 12534.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 20, 1955.

Decided June 9, 1955.

---

1. Fed.R.Crim.P. 30, 51, 18 U.S.C.A.

**24**

Mr. George Bunn, Washington, D. C., with whom Mr. Paul A. Porter, Washington, D. C., was on the brief, for appellant.

Mr. Edward W. Hautanen, Counsel, Federal Communications Commission, of the bar of the Supreme Court of Washington, pro hac vice, by special leave of Court, with whom Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Commission, J. Smith

Henley, Asst. Gen. Counsel, Federal Communications Commission, Harrison, Ark., Brendan McInerney, Asst. to the Gen. Counsel, Federal Communications Commission, and Daniel R. Ohlbaum, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. D. M. Patrick, Washington, D. C., with whom Mr. Stanley S. Harris, Washington, D. C., was on the brief, for intervenors. Mr. Parker D. Hancock, Washington, D. C., also entered an appearance for intervenors.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

On November 3, 1954, the Federal Communications Commission granted, without hearing, the application of Rosenblum, et al., transferors, and Lowell J. Thomas, et al., transferees, filed October 13, 1954, for consent to the transfer of control of Hudson Valley Broadcasting Company, Inc., permittee of UHF Television Station WROW–TV, operating on Channel 41 in Albany, New York. Appellant Van Curler Broadcasting Corporation is a permittee of UHF Television Station WTRI–TV, which until February 1, 1955, operated on Channel 35 in Albany, New York. The transfer was effected, pursuant to the Commission's consent, on November 8, 1954.

Alleging that it would suffer economic injury as a result of the transfer of control so authorized by the Commission, Van Curler on December 3, 1954, filed with the Commission a petition protesting the grant and for reconsideration thereof, and requested a hearing. This protest was filed pursuant to Sections 309(c) [1] and 405 of the Communications Act of 1934, as amended, 47 U.S.C.A. §§ 309(c), 405. Recitation of the grounds

[1]. Section 309(c), on which are based the proceedings before the Commission and this Court, reads as follows:

"When any instrument of authorization is granted by the Commission without a hearing as provided in subsection (a) of this section, such grant shall remain subject to protest as hereinafter provided for a period of thirty days. During such thirty-day period any party in interest may file a protest under oath directed to such grant and request a hearing on said application so granted. Any protest so filed shall contain such allegations of fact as will show the protestant to be a party in interest and shall

of the protest are not necessary to the decision of the present appeal.

Van Curler's protest asked that the transfer application be set down for hearing and that pending said hearing the Commission, pursuant to Section 309 (c), postpone the effective date of its order of November 3, 1954, granting the application. The protest was opposed by Hudson Valley, which denied the allegations of Van Curler's protest, urged that Van Curler was not a proper party in interest, and objected to the setting aside of the transfer order, on the ground that that order was "necessary to the maintenance or conduct of an existing service" within the meaning of Section 309(c). The pertinent provision of Section 309(c) is the last sentence, which reads as follows:

"The hearing and determination of cases arising under this subsection shall be expedited by the Commission and pending hearing and decision the effective date of the Commission's action to which protest is made shall be postponed to the effective date of the Commission's decision after hearing, *unless the authorization involved is necessary to the maintenance or conduct of an existing service, in which event the Commission shall authorize the applicant to utilize the facilities or authorization in question pending the Commission's decision after hearing."* (Emphasis supplied.)

On December 30, 1954, the Commission found Van Curler to be a party in interest to the transfer application and designated that application for hearing on certain issues, but refused to issue a stay. Its reasons for refusing a stay are thus stated in the December 30, 1954, order:

"We find that the effective date of the grant should not be postponed, because it is necessary for the maintenance of an existing service. We base this finding on information submitted to us that the station lost $74,000 during the eight-month period ending August 31, 1954; that cancellation of its United Press service was threatened; that other creditors, including the power and light company, threatened discontinuance of further credit; and that the former owners were unwilling and/or unable to meet the company's commitments. To attempt to require the transferors to resume control therefore appears to involve at least an interruption, and probably a complete breakdown, of service."

This appeal followed.

By order of January 28, 1955, another division of this Court denied a motion for stay pending appeal, holding:

"The Court is of the view that while there are substantial and serious questions involved in these cases which should be promptly resolved, there is no sufficient showing

---

specify with particularity the facts, matters, and things relied upon, but shall not include issues or allegations phrased generally. The Commission shall, within thirty days from the date of the filing of such protest, enter findings as to whether such protest meets the foregoing requirements and if it so finds the application involved shall be set for hearing upon the issues set forth in said protest, together with such further specific issues, if any, as may be prescribed by the Commission. In any hearing subsequently held upon such application all issues specified by the Commission shall be tried in the same manner provided in subsection (b) of this section, but with respect to all issues set forth in the protest and not

specifically adopted by the Commission, both the burden of proceeding with the introduction of evidence and the burden of proof shall be upon the protestant. The hearing and determination of cases arising under this subsection shall be expedited by the Commission and pending hearing and decision the effective date of the Commission's action to which protest is made shall be postponed to the effective date of the Commission's decision after hearing, unless the authorization involved is necessary to the maintenance or conduct of an existing service, in which event the Commission shall authorize the applicant to utilize the facilities or authorization in question pending the Commission's decision after hearing."

that the Commission has abused the authority conferred by Section 309 (c) of the Communications Act in finding that the authorization involved is necessary to the maintenance or conduct of an existing service."

Subsequently, on motion to dismiss this appeal as premature, filed by Hudson Valley, which had intervened, this Court ordered that the appeal be dismissed "except insofar as this appeal relates to the failure of the Commission to stay the effective date of the transfer of control of Hudson Valley Broadcasting Company, Inc., pending hearing." This order was "without prejudice to a renewed motion to dismiss at the hearing on the merits."

In the decision of this appeal, we have reached the same conclusion as did the previous panel, namely, that there has been no sufficient showing that the Commission abused the authority contained in Section 309(c) of the Communications Act in finding that the transfer involved is necessary to the maintenance or conduct of an existing service.

It may be noted that pursuant to the suggestions contained in the order of this Court dated January 28, 1955, the Commission is promptly proceeding with action on the transfer application; and in fact, at the time of the hearing of this appeal, the hearings before the Commission had already been closed.

It is not necessary that we pass, in this appeal, on the question as to whether Van Curler is a party in interest. That question, and all other pertinent questions, will be passed upon by the Commission in its final decision on the protest.

The order of the Commission denying a stay of the effective date of the transfer grant, pending outcome of the hearing on the protest, is

Affirmed.

FAHY, Circuit Judge, concurring.

In view of the order of this court of January 28, 1955, denying a motion for stay pending appeal, and the progress since then of the proceedings before the Commission, I concur in affirmance.